**IN THE**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

**FILED**

AUG 1 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Hector Villegas Aguirre,    )
#52643-004  Plaintiff.      )
FCI, P.O.B 1000             )
    -v- Loretto, PA 15940   )
                            )
                            )
United States Of America,   )
            Defendant.      )
                            )
                            )

Case: 1:07-cv-01482
Assigned To : Robertson, James
Assign. Date : 08/17/2007
Description: FOIA/PRIVACY ACT

## PLAINTIFF'S CIVIL COMPLAINT AGAINST UNITED STATES OF AMERICA

TO THE HONORABLE COURT:

NOW COMES, **Hector Villegas Aguirre**, herein and after, the Plaintiff, who appears Pro-Se and indigent, and hereby respectfully submits this Civil Complaint against the Defendant, the United States of America, seeking reliefs pursuant to the Federal Tort Claim Act for damages, prejudices, personal matters and psychology problems as result of the wrongful acts by the Defendant's employees and contractoes while acting within the scope of their duties. In support of this Civil Complaint thereof, Plaintiff states as follows:

### JURISDICTION

This Court has original jurisdiction over this action pursuant to Title 28 U.S.C. § 1331, 1346(b)(1) and Federal Tort Claim Act 28 U.S.C. § 2671 et. Seg..

**RECEIVED**

AUG 0 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## FACTUAL BACKGROUND OF PLAINTIFF'S CASE

Pursuant to a federal investigation by the U.S. Attorney Office for the Southern District Of Florida.[1] On April 24, 1997, Plaintiff was arrested by Undercover Agents at the Mall of the America in Miami, Florida.

On April 25, 1997, a Complaint was filed by the U.S. Attorney Office for the Southern District of Florida as Hector Villegas and his co-defendants.

On May 2, a grand jury sitting in the Southern District of Florida returned an One Count Indictment against Plaintiff and his co-defendants in violation of Title 21, U.S.C. § 841(a)(1) and in violation of Title 21 U.S.C. § 846.

On October 2, 1997, the Plaintiff was found guilty by a jury trial of the One Count Indictment which charged him with conspiracy to possess with intent to distribute cocaine, in violation of Title 21 U.S.C § 846.

On February 23, 1998, Plaintiff was sentenced by the United States District Judge Honorable Ursula Ungaro-Benages to a term of imprisonment of one hundred & eighty months to be followed with five (5) years of supervised release.

On or about August 22, 1998, Plaintiff's appointed counsel filed a brief on behalf of Plaintiff, appealing the case to the Court of Appeals for the Eleventh Circuit.

---

[1] Subsequently to the information provided by a Confidential Informant to U.S. Attorney Office (SDOF). A joint Investigation was conducted by the U.S Custom Service and the Drug Enforcement Agency. As arranged, the CI met with Plaintiff and his con-defendants, during the investigation, all the meetings were taken on video tapes and recorded by the CI and the Undercover Agents.

Plaintiff then sought to appeal the denial of his Motions pursuant to 28 U.S.C. § 2255 and Rule 59(e); the Distric Court issued a Certificate of Appealability (COA) on an issue unrelated to the tape-content. The Eleventh Circuit affirmed the District Court's denial of Plaintiff's Motions.

On June 9, 2003, Plaintiff filed a Motion to Compel Production of Eveidence. [2] Plaintiff claimed that he made a request during trial under Brady v. Maryland, 83 S.Ct. 1194 (1963), for all video and audio recordings depicting his image or voice, but the Government responded that no such recordings existed. Later, after filing a Freedom Information Act request for all evidence pertaining to his case, including the tape recordings. Plaintiff discovered that the U.S. Attorney's Office for the Southern District of Florida had returned 4 videotapes and 15 audiotapes pertaining to his case to the U.S. Customs Office after his trial.[3]

On June 10, 2003, the District Court denied Plaintiff's Motion to Compel Production of Evidence for lack of jurisdiction.

Plaintiff filed an application for a Certificate of Appealability (COA) with the Court of Appeals for the Eleventh Circuit to appeal the District Court denial of his Motion to Compel Production of Evidence. The Eleventh Circuit affirmed the District Court's denial.

---

[2] Plaintiff's Motion was not labeled as a Rule 60(b) Motion. But Plaintiff made clear on appeal that Rule 60(b) was the basis for his Motion.

---

[3] Plaintiff claimed that these tapes contained evidence of his innocence and that the actions for the U.S. Attorney Office constituted proof of "prosecutorial misconduct" by withholding exculpatory evidence.

## CAUSE OF ACTION

On March 17, 2002, Plaintiff made a request to the Executive Office for the United States Attorney, Department of Justice, 600 E. Street, N.W., Room 7100, Washington, D.C. 200530-0001, for the information contained within the U.S. Attorney Office or under control of the agency pertaining to Plaintiff's case.  Plaintiff's request was made pursuanto to Title 5 U.S.C. § 552 & 552(a) and under all provisions of the FOIA and Privacy Act to permit Plaintiff with the maximum access to his case file within ten (10) working days after the agency receiving the request.  (See: Plaintiff's Exhibit **A**).

On April 28, 2002, Plaintiff, once again, made another request to same agency for the government, requesting the disclosure of certain information relating to his case, including the tape recorded conversation made on April 20, and April 24, 1997.       Plaintiff's request was made pursuant to Title 5 U.SC. § 552 & 552(a) and under all the provisions of the FOIA and Privacy Act for the maximum access of the records within ten (10) working days after the agency receiving the request.  (See: Plaintiff's Exhibit **B**).

On June 24, 2002, Plaintiff's request was responded by the Executive Office for the United States Attorney, Freedom Information/Privacy act Unit, assigning number 02-1655. (Plaintiff's Exhibit **C**).

On May 21, 2003, Plaintiff's request for records under the Freddom Of Information Act/Privacy was processed.   Plaintiff was provided with a receipt, numbering the records required to be released and available for Plantiff, from the Executive office for United States Attorney, Freedom of Information/Privacy Act Unit. (Plaintiff's Exhibit **D**).

5.

On May 21, 2003, the Executive Office for the United States Attorneys referred 42 pages of records to U.S. Custom Services,[4] at 1300 Pennsylvania Ave., N.W., Washington, D.C. 20229, for a determination of disclosure on response to Plaintiff's request. The Office for U.S. Custom Service released 7 pages, three pages of records released in their entirety and four pages of records partially released pursuant to exemptions (b)92)(b)(7)(C), (D), (E) and (F) of the FOIA. No videocassettes and audiocassettes were released by the Office of U.S. Custom Services.

On May 30, 2003, Plaintiff made it clear about his requests for the videocassettes, audiocassettes in possession of the agency, and that Plaintiff had been notified that the videocassettes and audiocassettes had been returned to the agency by the U.S. Attorney Office for the Southern District of Florida. (Plaintiff's Exhibit E).

On October 27, 2003, Plaintiff was notified of the receipt of his Freedom of Information Act/Privacy Act (FOIA/PA) request, which was made to the Headquarters' FOIA in Washington, D.C., by the Office of the Special Agent In Charge, at 8075 NW 53rd Street, Miami, Florida 33166. The Office of the Special Agent In Charge received PLaintiff's Freedom on Information Act/Privacy Act request letter dated September 5, 2002 from the Headquarters' FOIA In Washington, D.C. on October 22, 2003. (Plaintiff's Exhibit F).

On September 10, 2004, Plaintiff received a response to his Freedom of Information Act/Privacy Act request of September 5, 2002, from the Office of the Special Agent In Charge

---

[4] On March 1, 2003, the United States Custom Service became part of Immigration and Custom Enforcement under the Border and Transportation Security Directorate of the Department of Homeland Security.

On September 10, 2004 letter from the Office of the Special Agent In Charge, Plaintiff was advised and informed that the videocassettes and audiocassettes showing the chain of custody had been destroyed by the Office in accordance with the retention guidelines for government evidence.[5]    That Plaintiff's case was closed on March 26, 1998, and that the Office of the Special Agent In Charge did not receive Plaintiff's request until October 22, 2003, after the five (5) years from the date that the Plaintiff's case was closed. (Plaintiff's Exhibit **G**).

On November 18, 2005, Plaintiff received a letter from the U.S. Department of Homeland Security Office in Washington, D.C., however, Plaintiff was advised that the Department of Homeland Security Privacy Office was conducting an audit of its mail operation and it appears that the freedom of information Act appeal that Plaintiff had submitted concerning the initial request to the Bureau of Immigration and Custom Enforcement was never acknowledged or answered by the Office.    The U.S. Department of Homeland Security Office in Washington apologizes for the oversight in failing to respond Plaintiff's appeal. (Plaintiff's Exhibit **H**).

From his initial request, Plaintiff had appealed all and every determination taken during his Freedom of Information Act/Privacy Act request of September 5, 2002, wherein, Plaintiff requested recorded conversation and copy of all evidence relating to this case, including the audicassettes and videocassettes under the government possession and used as evidence during Plaintiff's trial.

---

[5] The retention guidelines call for the maintaining of government evidence for five (5) years from the date that the case is closed.

## COUNT I

Defendant, the United States of America, through the U.S. Department of Homeland Security, it's employees and contractors, U.S. Department of Homeland Security Freedom of Information Act/Privacy Act Office (FOIA/Privacy unit) in Washington, D.C. 20528 was negligent in their duty, which caused prejudiced, damages and psycholigy problems to Plaintiff and his family.

Consequently, Plaintiff did not receive the adequately standards of attention to his requests of March, April and September 2002, for certain evidence and information related to his criminal case.    The Office (FOIA/Privacy Unit) ignored and did not forward Plaintiff's requests to the Office Of the Special Agent In Charge in Miami, Florida 33166 at the time that the requests were made.

## COUNT II

Plaintiff made his requests on March 17, April and September 5, 2002 to the Headquarters' FOIA in Washington, D.C. 20528 for the evidence needed for his criminal case.    But, the Headquarters' FOIA in washington, D.C. did not forward Plaintiff's requests to the Office of the Special Agent In Charge until October 22, 2003.    This wrongful acts and oversights by the Headquarters' FOIA in Washington, D.C. 20528 caused prejudices to Plaintiff's criminal case.
Plaintiff could not obtain the requested materials because of the tardiness of the Headquarter to forward the requests to the Office of the Special AGent In Charge in Miami, Florida  33166.

8.

In obtaining his requests, Plaintiff would had shown that; 1) that he was innocent of the crime for which he accused and convicted in the Southern District of Florida; 2) that the government witnesses had lied and given false testimony during Plaintiff's trial; 3) that the prosecutor had made false statement to the Court; 4) that Plaintiff did not receive a fair proceeding under the U.S. Constitution.

**Wherefore**, Plaintiff demands a judgment against the defendant in the amount of ten (10) millions Dollars and all reasonable cost and other relief deemed necessary and appropriately for the damages and prrejudices caused by the United States, the defendant, and it's employees and contractors for the wrongful acts toward Plaintiff.

Plaintiff affirms under the pains and penalty of perjury pursuant to Title 28 U.S.C. §1746 that facts and information set by Plaintiff are true and correct.

RESPECTFULLY SUBMITTED

BY Hector Villegas.
Hector Villegas

Executed this 25 day of July, 2007.

## CERTIFICATE OF SERVICE

This is to certify that I have this date under the pains and penalty of perjury Title 28 U.S.C. § 1746 served a true and correct copy of the foregoing Civil Complaint against the United States, the defendant, upon counsel of record as follows: U.S. Attorney Office for the District of Columbia, 555 4th Street, N.W., Judiciary Center BLdg, Washington, D.C. 20530, by placing the same in the United States mail, first class postage pre-paid and properly affixed thereto.

Dated this __25__ day of July, 2007.

BY: _Hector Villegas_
Hector Villegas

Hector Villegas
Reg. No. 52643-004
FCI Loretto
P.O. Box 1000
Loretto, Pa 15940

March 17, 2002

Attn.: FOIA/Privacy Unit
Executive Office for the United States Attorney
Department of Justice
Room 7100, 600 E Street, NW
Washington, D.C. 20530-0001

Re: FOIA/Privacy Act Request

To Whom this may concern:

This letter constitutes my request for discloser of all information contained within your files or under the control of your agency pursuant to both the Freedom of Information and Privacy Acts, Titles 5 U.S.C. SS 552 & 552(a).

I request the disclosure of the following information:

(1) Any and all information relating to the the recorded conversations made between April 20, 1997 and April 24, 1997 which involved me, Luis Arteaga, and Agent Maza of the department. (See attached copy of information relating to the recorded conversation which was copied from my Presentence Report).

(2) Any information relating to deals, promises or gifts which was made to Luis Arteaga through your agency or any other Agency that you know of.

Pursuant to the provisions of the FOIA and Privacy Act to permit me maximum access to these records within 10 working days after receipt by you of this request, this letter is hereby submitted. If any material is deemed exempt, I request specific statements regarding the data deleted or withheld, a full statement for the reason and the specific for the same.

THANK YOU FOR YOUR HELP AND CONSIDERATION IN THIS MATTER

Respectfully submitted,

Hector Villegas A
Hector Villegas

Hector Villegas
Reg. No. 52643-004
FCI Loretto
P.O. Box 1000
Loretto, Pa 15940



April 28, 2002

Attn.: FOIA/Privacy Unit
Executive Office for the United States Attorney
Department of Justice
Room 7100, 600 E. Street, NW
Washington, D.C. 20530-0001

Re: **FOIA/Privacy Act Request**

To Whom this may concern:

This letter constitutes my request for discloser of all information contained within your files or under the control of your agency pursuant to both the Freedom of Information and Privacy Acts, **Titles 5 U.S.C. §§ 552 & 552(a).**

I request the disclosure of the following information relating to **SELF**:

**(1)** Any and all information relating to the tape recorded conversations made between April 20, 1997 and April 24, 1997 which involved me, Luis Arteaga, and Agent Maza of the department. **(See attached copy of information relating to the recorded conversation which was copied from my Presentence Report).**

**(2)** Any information relating to deals, promises or gifts which was made to Luis Arteaga through your agency or any other Agency that you know of. This individual testified against me at trial; therefore, any deals relating to his testimony could also be considered information relating to me.

Pursuant to the provisions of the FOIA and Privacy Act to permit me maximum access to these records within 10 working days after receipt by you of this request, this letter is hereby submitted. If any material is deemed exempt, I request specific statements regarding the data deleted or withheld, a full statement for the reason and the specific for the same. Finally, I was prosecuted in the Southern District of Florida. Thus, any information contained within those local offices should also be disclosed.

<u>**THANK YOU FOR YOUR HELP AND CONSIDERATION IN THIS MATTER**</u>

Respectfully submitted,

Hector Villegas A.
Hector Villegas

This is a final determination and your request for information will be closed.  You may appeal my decision in this matter by writing within 60 days, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure



**U.S. Department of Justice**

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

MAY 21 2003

Requester: Hector Villegos                Request Number: 02-1582

Subject of Request: Self (tape recds)

Dear Requester:

Your request for records under the Freedom of Information
Act/Privacy Act has been processed. This letter constitutes a reply
from the Executive Office for United States Attorneys, the official
record-keeper for all records located in this office and the various
United States Attorneys' Offices.

To provide you the greatest degree of access authorized by the
Freedom of Information Act and the Privacy Act, we have considered
your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of
records that, in accordance with regulations promulgated by the
Attorney General, is exempt from the access provisions of the
Privacy Act. 28 C.F.R. §16.81. We have also processed your request
under the Freedom of Information Act and are making all records
required to be released, or considered appropriate for release as a
matter of discretion, available to you. This letter is a
[x] partial [ ] full denial.

Enclosed please find:

  12  page(s) are being released in full (RIF);
   3  page(s) are being released in part (RIP);
  49  page(s) are withheld in full (WIF). **The withheld documents
were reviewed to determine if any information could be segregated
for release.**

In addition, this office is withholding approximately _____
page(s) of grand jury material which is retained in the District.

The exemption(s) cited for withholding records or portions of
records are marked below. An enclosure to this letter explains the
exemptions in more detail.

|  | Section 552 | | | Section 552a | |
|---|---|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(4) | | [ ] (b)(7)(B) | [x] (j)(2) | |
| [ ] (b)(2) | [x] (b)(5) | | [x] (b)(7)(C) | [ ] (k)(2) | |
| [ ] (b)(3) | [ ] (b)(6) | | [x] (b)(7)(D) | [ ] (k)(5) | |
| _____ | [ ] (b)(7)(A) | | [ ] (b)(7)(E) | [ ] _____ | |
| | | | [x] (b)(7)(F) | | |

U.S. Department of Justice



*United States Attorney*
*Southern District of Florida*

*99 N.E. 4 Street*
*Miami, FL 33132*
*(305) 961-9000*

October 28, 1999

Special Agent
United States Customs Service
8075 N.W. 53rd Street
Miami, Florida 33166

    Re:   USA v. Hector Villegas, et al.
         Case No.  97-350-CR-UNGARO-BENAGES
         Agency #M113CR97M10384

Dear Special Agent:

    The above-referenced case has been closed, therefore, I am returning the enclosed evidence which consists of **4 video cassette tapes** and **15 audio cassette tapes** to you for your disposal.

    If you have any questions, please feel free to contact me at the telephone number listed below.

                Sincerely yours,

                THOMAS E. SCOTT
                UNITED STATES ATTORNEY

        By:                
                MICHAEL J. MULLANEY
                ASSISTANT UNITED STATES ATTORNEY
                (305) 961-9290

Enclosure
MJM:sp





DEPARTMENT OF THE TREASURY
UNITED STATES CUSTOMS SERVICE

REPORT OF INVESTIGATION
CONTINUATION

1.                3

2. CASE NUMBER

3. REPORT NUMBER: 001



(b)(7)(D)
and/or
(E),
and (F)

(b)(7)(C),
(b)(7)(D),
and/or
(E),
(F)

OFFICIAL USE ONLY

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY O
THE US CUSTOMS SERVICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR
INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO HEADQUARTERS. US CUSTOMS
SERVICE TOGETHER WITH A COPY OF THE DOCUMENT.

DEPARTMENT OF TREASURY
UNITED STATES CUSTOMS SERVICE

R E P O R T   O F   I N V E S T I G A T I O N
C O N T I N U A T I O N

1. ~~...~~

(b)(2)

2. CASE NUMBER ~~...~~

3. REPORT NUMBER: 001

~~_____~~

(b)(2) & (b)(7)(E)



(b)(2),
(b)(7)(c),
(D) and/or
(E),
(F)

hours USCS SRT, USCS agents and DEA agents arrested ~~...~~   At approximately 1500
VILLEGAS at the Mall of the Americas, Dade County, Florida.

(b)(7)(c)

On April 25, 1997, ~~...~~ VILLEGAS were charged with
21USC846 and 18USC1958 (Murder for Hire).

(b)(2)

O F F I C I A L   U S E   O N L Y
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY (
THE US CUSTOMS SERVICE.   ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OF
INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO HEADQUARTERS, US CUSTOMS
SERVICE TOGETHER WITH A COPY OF THE DOCUMENT.

DEPARTMENT OF THE TREASURY
UNITED STATES CUSTOMS SERVICE

R E P O R T   O F   I N V E S T I G A T I O N

1. TECS ACCESS CODE (b)(2)

2. PAGE   1                                      (b)(2)

(b)(7)(c)
4. TITLE: _____ ET AL

3. CASE NUMBER (b)(2) _____

5. CASE STATUS:    INIT RPT

6. REPORT DATE    7. DATE ASSIGNED    (b)(2)    (b)(2)    10. REPORT NO.
   042997            042197           8. CLASS  9. PROGRAM CODE        001

11. RELATED CASE NUMBERS:

12. COLLATERAL REQ:

13. TYPE OF REPORT:
    OTHER

TOPIC: INITIAL CHRONOLOGICAL REPORT

14. SYNOPSIS:



(b)(7)(D) and (F)

his is a joint USCS/DEA investigation.

(b)(2)

15. DISTRIBUTION: (b)(2)

16. SIGNATURE: (b)(7)(c)                SPECIAL AGENT

17. APPROVED: (b)(7)(c)                 SUP CRIM INVEST

18. ORIGIN OFFICE: MI    19. TELEPHONE (b)(7)(c)
    MIAMI - SAC

20. TYPIST: (b)(7)(c)

O F F I C I A L   U S E   O N L Y
HIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF
HE US CUSTOMS SERVICE.  ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR
NFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO HEADQUARTERS, US CUSTOMS
ERVICE TOGETHER WITH A COPY OF THE DOCUMENT.

# CRIMINAL COMPLAINT

02/23/98

THIS FILE ARE SUBJECT TO THE PROVISIONS OF THE PRIVACY ACT OF 1974 (5 USC 552a)

USAO NUMBER __9702449__

COURT DOCKET NO. __97-350-CR-Ungaro__

DJ FILE NO. __97-2739-GAIBER__

# UNITED STATES ATTORNEY

_Southern_ **DISTRICT OF** _Florida_

**DIVISION** _Miami_ _____ **COUNTY** _Dade_

**DEFENDANTS:**

VILLEGAS, HECTOR _Saul_

7C

**DEFENSE COUNSEL:**

_Scott Saul_

7C

**ASSIGNED TO** _Mullaney_

**NATURE OF OFFENSE** _Consp to PWID coc/ heroin_

**CODE SECTIONS** _21/846 · 18/1259_

**DATE OF OFFENSE** _4/28/97_

**GOVT. AGENCY** _USCS_          7C

**STAT. OF LIMITATIONS** _7/9-99?_

**BOND (AMOUNT, DATE AND SURETY)**

1. PTD
2. PTD
3. PTD

**ARRAIGNMENT** _____   **PLEA** _____

**SEE ALSO FILE NO.** _____

**ARREST** _4/24/97_  **INDICT BY** _5/5/97_  **INDICTMENT** _____  **TRIAL** _____

| DATE | CODE | REMARKS | INITIALS |
|------|------|---------|----------|
| 4/25/97 | | Complaint filed - Initial app - RLC/PTD | |
| | | 4/29 @ 10:00 | |
| 4/29/97 | | 7C | |
| 4/29/97 | | #1. 7C PTD hearings ; #1 held PTD/ROF #2 | |
| | | 7C | |
| 5/1/97 | | PTD hrs cont - no def counsel yet - 5/5/97 @ 10:00 | NTS |
| 5/5/97 | | Indictment | |
| 5/5/97 | | | |
| 5/6/97 | | 7C | |
| 5/7/97 | | RLC #1. 7C 7C | but/ |
| | | CJA resd to 5/13. @ 10:30 AM for arraignment 7C | |
| | | to 5/13: PTD ordered (ROF) | |

Form USA-819 MAR 91

OK 8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. **97-0350**

v. HECTOR VILLEGAS, et al.

**CERTIFICATE OF TRIAL ATTORNEY.**

CR-UNGARO-BENAGES

Related Case Information:

| | | |
|---|---|---|
| SUPERSEDING | Yes ___ | No X |
| New Defendant(s) | Yes ___ | No X |
| Number of New Defendants | | |
| Total number of counts | | |

MAGISTRATE JUDGE DUBÉ

**Court Division:** (Select One)

_X_ Miami  ___ Key West
___ FTL  ___ WPB  ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) __YES__
   List language and/or dialect __Spanish__

4. This case will take __4__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)

   | | | | (Check only one) |
   |---|---|---|---|
   | I | 0 to 5 days | _X_ | Petty ___ |
   | II | 6 to 10 days | ___ | Minor ___ |
   | III | 11 to 20 days | ___ | Misdem. ___ |
   | IV | 21 to 60 days | ___ | Felony ___ |
   | V | 61 days and over | ___ | |

FILED by _DC_
97 MAY -2 PM 3 47
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

6. Has this case been previously filed in this District Court? (Yes or No) ___
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) __YES__
   If yes:
   Magistrate Case No. __97-2739= BLG__
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

7. This case originated in the U.S. Attorney's office prior to August 16, 1985 (Yes or No) __NO__

_____
MICHAEL J. MULLANEY
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. __0794317__

*Penalty Sheet(s) attached

REV.12/12/96

"E-1"

Mr. Hector, Villegas
Reg 52643-004
FCI Loretto
P.O. Box 1000
Loretto PA 15940

May 30, 2003



Re: USA v Hector Villegas
    Case No. 97-350-CR Ungaro-Benages
    Agency No. M113 CR 97 M 10384

Dear. Special Agent in Charge.

    I write in regard to the 4 video tapes and 15 audio cassette tapes used by the government as evidence against me in the above numbered case. After sentencing I filed notice of appeal and requested to be provided all the governments case evidence in order to prepare my appeal. I never received the 4 video tapes and 15 audio tapes. and was never told the tapes had been returned to your office. On May 30, 2003 I received documentation as to the tapes being returned to your office. (copy enclosed) I now request that Your Office loan me the above tapes for my review After which I will return the tapes to your office.

                                    Thank you
                                    Hector Villegas A.

"B.3"

Mr. Hector Villegas                                    July 5, 2003
Reg. No. 52643-004
F.C.I. Loretto
P.O. Box 1000
Loretto, PA 15940


R. U.S.A. v Hector Villegas
    Case No. 97-350-CR-Ungaro-Benages


Dear Special Agent In Charge.
            In the above numbered case I continue
to challenge my conviction and sentence. I have
learned that your office had provided the
U.S. Attorneys Office, Southern District of Florida
case evidence that consisted of 4 video cassette tapes
and 15 audio cassette tapes. However I was not provide
all the tapes for review prior to my trial as requested.
I am sure that full review of all the tapes prior to
my trial would have shown my innocence. In light
of the government failure to provide me with all the
tapes prior to my trial and since all the tapes
were returned to your office I request to be advised
as to how I should proceed in requesting from
your office all the tapes for my review.
                                        Thank You

7001 0320 0001 0235 3294



U.S. Immigration
and Customs
Enforcement

U.S. Department of Homeland Security

---

*Office of the Special Agent In Charge*

DIS 2:I:SAIC:MI:cq
FOIA No. 2003-027

OCT 27 2003

*8075 NW 53rd Street
Miami, Florida 33166*



Mr. Hector Villegas
Reg. No. 52643-004
F.C.I. Loretto
P.O. Box 1000
Loretto, Pa 15940

Dear Mr. Villegas:

This acknowledges receipt of your Freedom of Information Act/Privacy Act (FOIA/PA) request letter dated September 5,2002 which was referred from Headquarters' FOIA in Washington, DC and received in this office on October 22, 2003. You requested information pertaining to yourself. We have combined this request with the one still pending in this office, FOIA NO. 2003-027

As of March 1, 2003, this office became part of the Bureau of Immigration and Customs Enforcement, which is under the Border and Transportation Security Directorate of the new Department of Homeland Security.

We process records in order of their receipt. Accordingly, we first process requests previously received from other people and organizations. Nevertheless, we shall act with all due diligence to process your requests as soon as possible.

Please be advised, even if no responsive records are located or if all records are determined to be exempt from disclosure, you may still be responsible for the payment of fees determined to be due in accordance with Title 31, Code of Federal Regulations, Section 1.7(g).

-2-

If you have any questions, please contact Paralegal Specialists Sharon Alderman at (305) 597-6159, or Carmen Quintana at (305) 597-6099.

Sincerely,

Jesus Torres
Interim Special Agent in Charge
Office of Investigations
U.S. Immigration and
Customs Enforcement
Miami, Florida



*Office of the Special Agent in Charge*
U.S. Department of Homeland Security
3075 NW 33rd Street
Miami, FL 33122

**U.S. Immigration and Customs Enforcement**



SEP 10 2003

FOIA No. 2003-027

Hector Villegas
Reg. No. 52643-004
Loretta FCI
Rural Route 276
Loretto, Pennsylvania 15940

Dear Mr. Villegas:

This responds to your Freedom of Information Act/Privacy Act request, which was received by this office on October 22, 2003. You have requested access to records maintained in the Immigration and Customs Enforcement, specifically four (4) videocassette tapes, 15 audiocassette tapes and documents showing the chain of custody of the cassette tapes.

Please be advised that the cassette tapes, audiotapes and documents showing the chain of custody have been destroyed in accordance with the retention guidelines for government evidence. The retention guidelines call for the maintaining of government evidence for five (5) years from the date the case is closed. The case, in this instance, was closed on March 26, 1998, and this office did not receive your request until October 22, 2003.

As of March 1, 2003, the Office of Investigations, United States Customs Service, became part of Immigration and Customs Enforcement, which is under the Border and Transportation Security Directorate of the Department of Homeland Security.

You are advised, in accordance with Title 5, United States Code, Section 552(a)(6)(A)(i), you have the right to appeal this determination within 35 days after the date of this notification. This appeal should be submitted to the Privacy Office, ATTN: FOIA Appeals, Department of Homeland Security, 245 Murray Lane, SW, Building 410, Washington, D.C. 20528. See Appendix C., 3(c) to Title 31, Code of Federal Regulations, Part 1.

Hector Villegas
Page 2

If you have any questions, please contact Paralegal Specialist Sharon Alderman at (305) 597-6159.

Sincerely,

*John Paletti*

*for* Jesus Torres
Special Agent in Charge
Miami, Florida

Enclosure



U.S. Department of Homeland Security
Washington, DC 20528



## Homeland Security

November 18, 2005

Mr. Hector Villegas
Register No. 52643-004
Federal Correctional Institution
P. O. Box 1000
Loretto, PA 15940

Dear Mr. Villegas:

The Department of Homeland Security Privacy Office is conducting an audit of its mail operations and it appears that a Freedom of Information Act appeal you submitted concerning your initial request to the Bureau of Immigration and Customs Enforcement was never acknowledged or answered. You asked for four videocassettes, 15 audiocassettes and documents demonstrating the chain of custody of this evidence. Your appeal letter was dated September 27, 2004, and apparently was received by the Privacy Office on October 2, 2004.

I apologize for the oversight in failing to respond to your appeal and want to assure you that we will correct this situation as quickly as possible. If, because of the passage of time, you are no longer interested in pursuing this matter, please write to the Privacy Office at C-3, 601 South 12th Street, Arlington, VA 22202-4220. We will assume, however, that you still wish to pursue this matter and begin consultations with ICE.

Again, my apologies for the lack of a response.

Sincerely,

Elizabeth Withnell
Chief Counsel
DHS Privacy Office

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

I 07-1482 JR

## I (a) PLAINTIFFS

Hector Villegas Aguirre

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE PO

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
#52643-004

## DEFENDANTS

USA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:07-cv-01482
Assigned To : Robertson, James
Assign. Date : 08/17/2007
Description: FOIA/PRIVACY ACT

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust

☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other)   OR   ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (If not administrative agency review or Privacy Act

2

| ☐ G. Habeas Corpus/ 2255 | ☐ H. Employment Discrimination | ☒ I. FOIA/PRIVACY ACT | ☐ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. Labor/ERISA (non-employment) | ☐ L. Other Civil Rights (non-employment) | ☐ M. Contract | ☐ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 552 (FOIA

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  DEMAND $ O  Check YES only if demanded in complaint  JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE 8/17/07  SIGNATURE OF ATTORNEY OF RECORD  NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

\forms\js-44.wpd