UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HECTOR VILLEGAS AGUIRRE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>)<br>_____ ) | Civil Action No. 07-1482 (JR) |

MOTION FOR BRIEF, FURTHER EXTENSION OF TIME

Pursuant to Fed. R. Civ. P. 6(b)(1), defendant requests a brief, further enlargement of time to answer or otherwise respond to the complaint from today (November 1, 2007) to November 6, 2007. This case has been reassigned from Assistant U.S. Attorney Peter Smith to undersigned counsel (Fred E. Haynes), who is now primarily responsible for this case for defendant. Because of the difficulties involved in contacting prisoners, undersigned counsel has not attempted to contact plaintiff to determine his position on this motion.[1]

Further review of the complaint has disclosed that this is not an action brought under the Freedom of Information Act. It is, rather, an action under the Federal Tort Claims Act for damages that are alleged to have been suffered by plaintiff when documents that he sought under the FOIA, documents that he asserts would prove his innocence, were destroyed. Undersigned counsel is preparing a dispositive motion based on the doctrine of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), and based on plaintiff's apparent failure to file an administrative claim under the Federal Tort Claims Act. The additional time is needed to complete the search for any FTCA administrative claim that may have been filed by plaintiff.

---

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with <u>pro</u> <u>se</u> parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner <u>pro</u> <u>se</u> parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner <u>pro</u> <u>se</u> parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* <u>pro</u> <u>se</u> party)" to meet and confer prior to a scheduling conference). LCvR 16.3(a) (emphasis added).

Attached is a draft Order reflecting the requested relief.

        Respectfully submitted,

        JEFFREY A. TAYLOR, D.C. Bar #498610
        United States Attorney

        RUDOLPH CONTRERAS, D.C. Bar #434122
        Assistant United States Attorney

          /s/
        FRED E. HAYNES, D.C. Bar #165654
        Assistant United States Attorney
        555 4th Street, N.W., Room E-4110
        Washington, D.C. 20530
        202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HECTOR VILLEGAS AGUIRRE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>) | Civil Action No. 07-1482 (JR) |

## ORDER

UPON CONSIDERATION of the motion by defendant for a further enlargement of time to answer or otherwise respond to the complaint, it is this _____ day of _____, 2007,

ORDERED that defendant shall have to, and including, November 6, 2007, to answer or otherwise respond to the complaint.

UNITED STATES DISTRICT JUDGE

Copies to the pro se plaintiff
and to counsel for defendant

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the Motion For A Further Enlargement Of Time to be served by first-class mail, postage prepaid, on this 1st day of November, 2007, to:

>Mr. Hector Villegas Aguirre
>Reg. No. 52643-004
>FCI Loretto
>P.O. Box 1000
>Loretto, PA 15940

>/s/
>Fred E. Haynes, D.C. Bar # 165654
>Assistant United States Attorney
>555 4th Street, N.W., Room E-4110
>Washington, D.C. 20530
>(202) 514-7204