UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HECTOR VILLEGAS AGUIRRE,          )
                                  )
            Plaintiff,             )
                                  )
      v.                           )   Civil Action No. 07-1482 (JR)
                                  )
UNITED STATES OF AMERICA,         )
                                  )
            Defendant.             )
                                  )
_____)

MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant, the United States of America, moves to dismiss this case under Fed. R. Civ. P. 12(b)(1) and (b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. As grounds for this motion, defendant asserts that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. A memorandum of points and authorities, a statement of genuine issues of material fact not in dispute, and a proposed order granting the relief sought are attached hereto.

Plaintiff should take notice that any factual assertions contained in the attachments in support of defendant's motion will be accepted by the Court as true unless plaintiff submits his own declarations or other documentary evidence contradicting the assertions in the defendant's attachments. See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7.1(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be

attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

        Respectfully submitted,

        JEFFREY A. TAYLOR, D.C. Bar #498610
        United States Attorney

        RUDOLPH CONTRERAS, D.C. Bar #434122
        Assistant United States Attorney
                /s/
        FRED E. HAYNES, DC Bar #165654
        Assistant United States Attorney
        555 4th Street, N.W., Room E-4110
        Washington, D.C. 20530
        202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HECTOR VILLEGAS AGUIRRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1482 (JR) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

DEFENDANT'S STATEMENT OF MATERIAL
FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Defendant respectfully submits, in accordance with LCvR 56.1, the following statement of material facts as to which there is no genuine issue to be tried:

1. Plaintiff is seeking damages from the defendant under the Federal Tort Claims Act. Complaint, at 1, 8, and 9.

1. Plaintiff was convicted in October 1997 in the Southern District of Florida on one count of conspiracy to possess cocaine with the intent to distribute it. Complaint, at 2.

2. Plaintiff challenged the conviction on direct appeal and lost. Complaint, at 3.

3. Plaintiff then filed collateral attacks on his conviction, asserting in at least one such attack that his attorney had provided ineffective assistance of counsel, in that the attorney did not allow plaintiff to hear or view the audio and video tapes from which transcripts were produced that were used against him at trial. (Plaintiff asserted in his collateral attack that he had concerns about the truthfulness of the transcripts.) Complaint, at 3-4.

4. Plaintiff's collateral attacks were unsuccessful. Complaint, at 3-4.

5. The complaint does not allege that plaintiff has filed an administrative tort claim in

connection with the claim being asserted in this case.  Complaint, passim.

6. Attached as Exhibit A to defendant's memorandum in support of this motion is a declaration of Helga Taylor, a paralegal in the Office of the Chief Counsel, Bureau of Customs and Border Protection.  Her declaration explains that the Bureau of Customs and Border Protection has no record of any tort claim filed by plaintiff.

7. Attached as Exhibit B to defendant's memorandum in support of this motion is a declaration from Khlayer Graves-Sowell, a claims adjustor with the U.S. Department of Justice, who explains that the Civil Division of the U. S. Department of Justice has no record of an administrative tort claim having been filed by plaintiff.

8. Plaintiff failed to file an administrative tort claim prior to bringing this action under the Federal Tort Claims Act.  ¶¶ 5 through 7, supra.

                                      Respectfully submitted,

                                      JEFFREY A. TAYLOR, D.C. Bar #498610
                                      United States Attorney

                                      RUDOLPH CONTRERAS, D.C. Bar #434122
                                      Assistant United States Attorney
                                                /s/
                                      FRED E. HAYNES, DC Bar #165654
                                      Assistant United States Attorney
                                      555 4th Street, N.W., Room E-4110
                                      Washington, D.C. 20530
                                      202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HECTOR VILLEGAS AGUIRRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1482 (JR) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Plaintiff, a federal prisoner, filed this action under the Federal Tort Claims Act ("FTCA"), seeking damages for the destruction by the Bureau of Customs and Border Protection, Department of Homeland Security, of video and audio tapes involving him that were recorded in the course of the investigation that led to his indictment and conviction in the Southern District of Florida in 1997 for drug offenses. He alleges that he filed Freedom of Information Act requests seeking these recordings and that the recordings were destroyed after the FOIA requests were filed. Plaintiff further alleges that he could have proved his innocence had he been able to obtain the recordings. He seeks $10,000,000 in damages to compensate him for the destruction of the recordings.

As we explain below, this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) and (b)(6) (failure to state a claim upon which relief can be granted). First, plaintiff did not file an administrative tort claim, which is a jurisdictional prerequisite for suing the government under the FTCA. Secondly, under application of the doctrine set forth in Heck v. Humphrey, 512 U.S. 477 (1994), plaintiff cannot recover damages

based on the theory that the destroyed evidence would have cleared him unless he is able to show that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Third, venue is not proper in this juris-diction since plaintiff must first succeed in a habeas petition before proceeding with a damage claim, and venue for such a petition, which would challenge plaintiff's conviction, is in the Southern District of Florida, where he was convicted.

Factual Background

The complaint sets forth the history of plaintiff's criminal case. He was indicted in the Southern District of Florida on drug charges in May 1997, and he was convicted in October 1997 on one count of conspiracy to possess cocaine with the intent to distribute it. He challenged the conviction on direct appeal and lost. He then filed collateral attacks on his conviction, asserting in at least one such attack that his attorney had provided ineffective assistance of counsel, in that the attorney did not allow plaintiff to hear or view the audio and video tapes from which transcripts were produced that were used against him at trial. Plaintiff asserted in his collateral attack that he had concerns about the truthfulness of the transcripts. Plaintiff's collateral attacks were unsuccessful. Complaint at 2-4.

The complaint next outlines plaintiff's efforts to obtain the video and audio tapes through the Freedom of Information Act. He appears to have served FOIA requests on the Executive Office of the United States Attorneys and later on the Bureau of Immigration and Customs Enforcement. The latter bureau's Miami office advised him by letter dated September 10, 2004, that the video and audio tapes he sought had been destroyed in accordance with the routine

retention schedule (the recordings were destroyed five years after the close of the criminal case, which would suggest that the destruction occurred on or about March 2003. The first request for the records from the Bureau of Immigration and Customs Enforcement attached to the complaint is dated May 30, 2003. The Bureau's Miami office advised plaintiff that it had received the FOIA request on October 22, 2003, after the video and audio tapes had been destroyed. It is, apparently, this delay in receipt that defendant attacks as being negligent.

Argument

A. This action is barred by plaintiff's failure to file an administrative tort claim.

It is well-settled that the United States, as sovereign, is immune from suit unless it has consented to be sued, United States v. Sherwood, 312 U.S. 584 (1941), and that the United States may define the terms and conditions upon which it may be sued. Honda v. Clark, 386 U.S. 484, 501 (1967); Sorino v. United States, 352 U.S. 270 (1957). Under the FTCA, the filing of an administrative tort claim is a prerequisite to proceeding in court under the FTCA. The courts have uniformly held that the filing of an administrative claim pursuant to 28 U.S.C. § 2675(a) of the FTCA is a jurisdictional prerequisite to the filing of an action pursuant to the FTCA. See, e.g., Jackson v. United States, 730 F.2d 808 (D.C. Cir. 1984). The filing of a suit either in federal or state court does not satisfy the jurisdictional prerequisite, or relieve the claimant of the obligation of filing an administrative claim. Livera v. First National State Bank of New Jersey, 879 F.2d 1186 (3rd Cir. 1989); Rodgers v. United States, 675 F.2d 123 (6th Cir. 1982) (decided before the 1988 amendments to 28 U.S.C. § 2679(d)).

The complaint does not allege that plaintiff has filed an administrative tort claim in connection with the claim being asserted in this case. Attached hereto as Exhibit A is a

3

declaration of Helga Taylor, a paralegal in the Office of the Chief Counsel, Bureau of Customs and Border Protection. Her declaration explains that the Bureau of Customs and Border Protection has no record of any tort claim filed by plaintiff. Exhibit B hereto is a declaration from Khlayer Graves-Sowell, a claims adjustor with the U.S. Department of Justice, who explains that the Civil Division of the U. S. Department of Justice has no record of an administrative tort claim having been filed by plaintiff. It follows that the complaint should be dismissed for failure to file an administrative tort claim, as required by the FTCA.

B.  <u>This tort action is barred by the Supreme Court's decision in Heck v. Humphrey.</u>

Our Court of Appeals has held that a state prisoner's claim for money damages under 42 U.S.C. § 1983 must first be brought in habeas when, "if successful, it would 'necessarily imply,' or automatically result in a speedier release from prison." <u>Anyanwutaku v. Moore</u>, 151 F.3d 1053, 1056 (D.C. Cir. 1998). In the context of a federal prisoner's civil action, the governing circuit authority is <u>Razzoli v. Federal Bureau of Prisons</u>, 230 F.3d 371, 373 (D.C. Cir. 2000), which held that for a federal prisoner "habeas is indeed exclusive even when a non-habeas claim would have a merely probabilistic impact on the duration of custody."

The Court of Appeals' decisions in <u>Anyanwutaku</u> and <u>Razzolit</u> followed the Supreme Court's decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In that case, the Supreme Court ruled that a state prisoner's Section 1983 damages action had to be brought in habeas because, "[a]lthough [the prisoner] requested neither release from prison nor injunctive relief, [his claim] amounted to a collateral attack on his conviction, since in order to prevail he had to 'prove the unlawfulness of his conviction or confinement.'" <u>Anyanwutaku</u>, 151 F.3d at 1056 (quoting <u>Heck</u>, 512 U.S. at 486).

4

The rationale of Heck has been applied in a variety of contexts, including a federal prisoner's claim for damages under the Privacy Act. See White v. U.S. Probation Office, 148 F.3d 1124, 1125-26 (D.C. Cir. 1998) (per curiam). Indeed, our Court of Appeals stated there that

> A plaintiff who seeks to recover damages for allegedly unconstitutional confinement (or *any other harm caused by actions the unlawfulness of which would render his sentence invalid*) must prove that the sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."

Id. at 1126 (emphasis supplied) (quoting Heck, 512 U.S. at 486-87). There is no allegation in the complaint that plaintiff has received such a decision, and the complaint should be dismissed.

C. Venue is improper in this jurisdiction.

In order to be able to recover damages, plaintiff must first establish the invalidity of his conviction via a habeas petition. Such a petition must be brought in the jurisdiction of the conviction, here, the Southern District of Florida. 28 U.S.C. Section 2255 (which permits a collateral attack on a criminal conviction but requires that it be brought in the jurisdiction where the conviction was obtained).[1]

D. Conclusion.

For the foregoing reasons, this case should be dismissed. Attached is a draft Order

---

[1] Given plaintiff's unsuccessful direct appeal of his conviction and his lack of success in his collateral attacks on his conviction, it is highly likely that the claims in this case are barred by the doctrines of collateral estoppel or res judiciata. It is not necessary to reach these issues at this stage of the case.

reflecting the requested relief.

                    Respectfully submitted,

                    JEFFREY A. TAYLOR, D.C. Bar #498610
                    United States Attorney

                    RUDOLPH CONTRERAS, D.C. Bar #434122
                    Assistant United States Attorney
                           /s/
                    FRED E. HAYNES, D.C. Bar #165654
                    Assistant United States Attorney
                    555 4th Street, N.W., Room E-4110
                    Washington, D.C. 20530
                    202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HECTOR VILLEGAS AGUIRRE,  )  )  Plaintiff,  )  )  v.  )  UNITED STATES OF AMERICA,  )  )  Defendant.  )  )  ) | Civil Action No. 07-1482 (JR) |

ORDER

Upon consideration of defendant's motion to dismiss and the entire record in this case, it is this ___ Day of _____, 200_,

ORDERED that this case is dismissed from the docket of this Court.  This is a final, appealable order.

UNITED STATES DISTRICT JUDGE

Copies to the pro se plaintiff
and to counsel for defendant

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing motion to dismiss or, in the alternative, for summary judgment to be served by first-class mail, postage prepaid, on this 7th day of November, 2007, on:

>Mr. Hector Villegas Aguirre
>Reg. No. 52643-004
>FCI Loretto
>P.O. Box 1000
>Loretto, PA 15940

>/s/
>Fred E. Haynes, D.C. Bar # 165654
>Assistant United States Attorney
>555 4th Street, N.W., Room E-4110
>Washington, D.C. 20530
>(202) 514-7204

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HECTOR VILLEGAS AGUIRRE,       )
                               )
         Plaintiff,            )
                               )
    v.                         )   Civil Action No. 07-1482 (JR)
                               )
UNITED STATES OF AMERICA,      )
                               )
         Defendant.            )

## DECLARATION OF HELGA TAYLOR

I, Helga Taylor, declare as follows:

1. I am a paralegal in the Office of the Chief Counsel, U.S. Customs and Border Protection, U.S. Department of Homeland Security.

2. I was directed to determine whether the plaintiff in this action, Hector Villegas Aguirre, has filed an administrative tort claim, pursuant to the Federal Tort Claims Act, with U.S. Customs and Border Protection.

3. On November 2, 2007, I performed a search of the Chief Counsel Tracking System, which maintains a record of all administrative tort claims filed under the Federal Tort Claims Act against the U.S. Customs and Border Protection Agency.

4. I found no record of any tort claim filed by Hector Villegas Aguirre.

I declare under penalty of perjury that the foregoing is true and correct.

11/5/07
Date

_Helga Taylor_
HELGA TAYLOR
Paralegal Specialist
Office of the Chief Counsel
U.S. Customs and Border
Protection
1300 Pennsylvania Avenue
Washington, D.C. 20229



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HECTOR VILLEGAS AQUIRRE,        )
                                )
        Plaintiff,               )
                                )
            v.                   )     Civil Action No. 07-1482
                                )
UNITED STATES OF AMERICA,        )
                                )
                                )
                                )
        Defendants.              )
_____)

### DECLARATION OF KHLAYER GRAVES-SOWELL

In accordance with the provisions of 28 U.S.C. § 1746, I, Khlayer Graves-Sowell, hereby declare as follows with respect to the above-styled case:

1. I am employed as a Claims Adjustor within the United States Department of Justice (the Department), Washington, D.C. As such, one of my responsibilities is to review and make recommendations relating to the adjudication of administrative claims presented under 28 U.S.C. § 2672 to the Department, which are based on the activities of employees of the Department.

2. All administrative tort claims under the Federal Tort Claims Act pertaining to the Department activities are handled by the Civil Division of the Department except for those claims specifically directed to activities of the Federal Bureau of Investigation, the Federal Bureau of Prisons, the Federal Prisons Industries, the United States Marshals Service, the Drug Enforcement Administration, and the Bureau of Alcohol, Tobacco, Firearms and Explosives.



3. I have caused the appropriate Records Systems within the Civil Division of the Department to be searched and I have found that there is no record within the Civil Division of an administrative claim having been presented by Hector Villegas Aquirre.

4. I declare under penalty of perjury that the foregoing is true and correct. Executed on this __1__ st day of November, 2007.

_____
KHLAYER GRAVES-SOWELL
Claims Adjustor